MARIES D. ADDISON,

Petitioner,

v.                                                    Case No. 26-CV-505

BRADLEY MLODZIK,

Respondent.

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Maries D. Addison, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

When reviewing a petition under Rule 4, the court generally focuses on matters such as timeliness, *see* 28 U.S.C. § 2244(d), exhaustion, *see* 28 U.S.C. § 2254(b)(1)(A), whether the petitioner has previously sought federal habeas relief, 28 U.S.C. § 2244(b), and whether the petition contains at least one cognizable claim.

Addison is challenging convictions from 2012. (ECF No. 1 at 2.) That raises a red flag as to whether the petition is timely. But a review of Wisconsin Circuit Court

records regarding his underlying case reveals that a lot has been happening in the nearly 14 years since his conviction. Reviewing the records before the court, the court cannot say that it plainly appears that his petition is untimely.

Court records indicate that this is Addison's third habeas petition. See *Addison v. Meisner*, No. 23-C-589, 2023 U.S. Dist. LEXIS 100542 (E.D. Wis. June 9, 2023); *Addison v. Eckstein*, No. 18-cv-395-pp, 2019 U.S. Dist. LEXIS 45490 (E.D. Wis. Mar. 19, 2019); *Addison v. Eckstein*, No. 18-cv-395-pp, 2018 U.S. Dist. LEXIS 103665 (E.D. Wis. June 21, 2018). However, the court dismissed his prior petitions because he had not yet exhausted his state court remedies. Therefore, those prior petitions do not render the present petition an impermissible second or subsequent petition. *Meeks v. Wisconsin*, No. 23-CV-1022, 2023 U.S. Dist. LEXIS 182328, at *6 (E.D. Wis. Aug. 25, 2023) (quoting *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000)). Moreover, it appears that Addison has finally now exhausted his state court remedies.

While some of his claims may face certain procedural hurdles, he has stated at least one plausibly cognizable claim. Consequently, the court is unable to say that it is plainly apparent that the petitioner is not entitled to relief. The respondent shall answer the petition.

Finally, Addison having paid the filing fee, his motion to proceed without prepayment (ECF No. 3) is **dismissed as moot.**

The Clerk of Court shall promptly serve the respondent by service of a copy of the petition and this order upon the State of Wisconsin Attorney General.

No later than **60 days after this order**, the respondent shall answer the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases. The petitioner shall then submit a brief in support of his petition no later than **28 days thereafter**. The respondent shall submit a brief in opposition no later than **28 days thereafter**. The petitioner may reply no later than **21 days thereafter**.

Alternatively, the respondent may move to dismiss the petition no later than **60 days after this order**. In the event the respondent moves to dismiss the petition, the petitioner shall respond to that motion no later than **28 days thereafter**. The respondent may then reply no later than **28 days thereafter**.

Unless the court determines that additional proceedings are necessary, this shall conclude the briefing. The court will then resolve the petition on the written record.

All of the petitioner's filings with the court shall be mailed to the following address:

Clerk of Court
Jefferson Court Building
125 S. Jefferson St - Room 102
Green Bay, WI 54301-4541

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

3

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 2nd day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
